# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| CHARLES A. PASCHAL, JR., : | |
| : | |
| Petitioner, : | |
| : | NO. 7:24-cv-30-WLS-TQL |
| VS. : | |
| : | |
| Warden JONES, : | |
| : | |
| Respondent.[1] : | |

## ORDER

Petitioner Charles A. Paschal, Jr., a prisoner incarcerated in Augusta State Medical Prison in Grovetown, Georgia, filed a letter in the United States District Court for the Northern District of Georgia. ECF No. 1. That court construed the letter to be a 28 U.S.C. § 2254 action and transferred the case to the Middle District of Georgia. ECF No. 3.

On June 18, 2024, the Court ordered Petitioner to file his habeas petition on the required form and either move to proceed *in forma pauperis* or pay the $5.00 filing fee. ECF No. 6. Plaintiff failed to respond.

On July 2, 2024, the Court ordered Petitioner to show cause why his case should not be dismissed for failure to respond to the June 18, 2024 Order. ECF No. 7. Petitioner then

---

[1] Petitioner provided the name of Respondent on his recast petition. ECF No. 10 at 1.

1

filed a habeas petition using the correct form.[2] ECF No. 10, at 2-3. Petitioner also filed a motion to proceed *in forma pauperis*. ECF No. 11. He, however, did not include a current "'certificate from the warden or other appropriate officer . . . showing the amount of money . . . that the [P]etitioner has in any account in the institution.'" ECF No. 6 at 2 (quoting Habeas Corpus R. 3). The Court, therefore, could not rule on his motion to proceed *in forma pauperis*.

On August 2, 2024, Petitioner was given "one **FINAL** opportunity" to comply with the Court's Orders. ECF No. 13 at 1. Petitioner was again ordered to provide a certificate from the prison showing the amount of money he has in his trust fund account. *Id.* at 1-2. The Court again provided the forms necessary for Petitioner to comply with this request. Petitioner has not responded to the August 2, 2024 Second Order to Show Cause.[3]

Due to Petitioner's failure to follow the Court's Orders and prosecute this action, the case is hereby **DISMISSED WITHOUT PREJUDICE**. Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first

---

[2] The Court notes that despite being ordered to provide all information regarding exhaustion of state remedies (ECF No. 6 at 2), Petitioner failed to include any information regarding exhaustion. Instead, he wrote "Don't remember" in response to all questions regarding direct appeal or state collateral review of his criminal conviction. ECF No. 10 at 2-3.

[3] Petitioner did inform the Court that the mailing process at Augusta State Medical Prison is slow. ECF No. 14. Petitioner, however, has been able to mail various memorandums, motions, and responses (ECF Nos. 5; 8; 9; 11; 12), and he has had over two months to provide the requested documents verifying the amount of money in his inmate trust fund account. But he has failed to do so.

2

citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this **3rd** day of September 2024.

_____
**W. LOUIS SANDS, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**

3