IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CHARLES A. PASCHAL, JR., :
:
    Petitioner, :
: NO.: 7:24-CV-30-WLS-TQL
VS. :
:
Warden JONES, :
:
    Respondent. :
:

## ORDER

Petitioner Charles A. Paschal, Jr., a prisoner incarcerated in Augusta State Medical Prison in Grovetown, Georgia, filed a letter in the United States District Court for the Northern District of Georgia. ECF No. 1. That court construed the letter to be a 28 U.S.C. § 2254 action and transferred the case to the Middle District of Georgia. ECF No. 3.

On June 18, 2024, the Court ordered Petitioner to file his habeas petition on the required form and either move to proceed *in forma pauperis* or pay the $5.00 filing fee. ECF No. 6. Plaintiff failed to respond.

On July 2, 2024, the Court ordered Petitioner to show cause why his case should not be dismissed for failure to respond to the June 18, 2024 Order. ECF No. 7. Petitioner then filed a habeas petition using the correct form.[1] ECF No. 10. Petitioner also filed a motion

---

[1] The Court notes that despite being ordered to provide all information regarding exhaustion of state remedies (ECF No. 6 at 2), Petitioner failed to include any information regarding exhaustion. Instead, he wrote "Don't remember" in response to all questions regarding direct appeal or state

1

to proceed *in forma pauperis*. ECF No. 11. He, however, did not include a current "'certificate from the warden or other appropriate officer . . . showing the amount of money . . . that the [P]etitioner has in any account in the institution.'" ECF No. 6 at 2. (quoting Habeas Corpus R. 3). The Court, therefore, could not rule on his motion to proceed *in forma pauperis*.

On August 2, 2024, Petitioner was given "one **FINAL** opportunity" to comply with the Court's Orders. ECF No. 13 at 1. Petitioner was again ordered to provide a certificate from the prison showing the amount of money he has in his trust fund account. *Id.* at 1-2. The Court provided the forms necessary for Petitioner to comply with this request. *Id.* at 2. Petitioner did not respond to the August 2, 2024 Second Order to Show Cause.

Due to Petitioner's failure to follow the Court's instructions and prosecute his action, the Court entered an Order dismissing the action without prejudice on September 4, 2024 and entered judgment for the Respondent. ECF No. 15; ECF No. 16. Five days later, the Court received Petitioner's undated response to the August 2, 2024 second Order to Show Cause. ECF No. 17. In his response, Petitioner stated that mail at Augusta State Medical Prison is often delayed, and he did not receive the August 2, 2024 Order in time to respond by the deadline shown in the Order. *Id.* at 1. Unfortunately, Petitioner still failed to submit the required "certificate from the warden or other appropriate officer . . . showing the amount of money . . . that [he] has in any account in the institution." Habeas R. 3.

---

collateral review of his criminal conviction. ECF No. 10 at 2-3.

2

Instead, Petitioner stated that he has received no money since his arrest on March 21, 2002. ECF No. 17 at 2.

Given that Petitioner responded to the second Order to Show Cause and explained why his response was late, the Court vacated the September 4, 2024 Order dismissing the action and judgment and allowed Petitioner another opportunity to submit a certificate verifying the amount of money in his prisoner trust fund account. ECF No. 18. The Court informed Petitioner that a search of his GDC ID number (1031292) on the Georgia Department of Corrections' website shows that he has received money. *Id.* at 2. Thus, Petitioner's statement that he has not received any money since his March 21, 2002 arrest is not true.

Petitioner responded to the Court's September 16, 2024 Order. ECF No. 19. His response, unfortunately, is difficult to decipher. Petitioner indicates that his habeas petition was dismissed previously because he failed to provide information regarding exhaustion of state remedies. *Id.* at 1-2. This is not the reason his petition was previously dismissed in the now-vacated September 4, 2024 Order. ECF No. 15. Petitioner clarifies that he "never had a direct appeal or state collateral review of his criminal conviction." ECF No. 19 at 2. Petitioner indicates that he is not in control of the "mailing process" and is unaware of what may be removed from his mail or placed in the mail by others using his name. *Id.* Finally, he states that some "Political Board" may be keeping him from receiving "the proper empowerment he deserves from being wrongfully incarcerated at the age before his brain fully matured of not 18 years old but 18 years young." *Id.* at 3. Plaintiff believes he

is the victim of "dirty war tactics" used by these "Political Board members." *Id.*

Petitioner included in his response two pages from a twenty-four-page Account Statement. ECF No. 19-1. Unfortunately, the two pages show only "obligations" or payments from Petitioner's trust fund account. *Id.* His "funds balance" and "receipts" are not shown on these two pages. *Id.* Thus, these two pages do not show the amount of money that Petitioner has in his trust fund account. Petitioner, therefore, has again failed to include a "certificate from the warden or other appropriate officer . . . showing the amount of money . . . that the [P]etitioner has in any account in the institution."[2] Habeas R. 3.

On three separate occasions the Court mailed to Petitioner the forms necessary to seek leave to proceed *in forma pauperis.* ECF No. 6; ECF No. 13; ECF No. 18. But Petitioner still has not complied by submitting the required "certificate from the warden or other appropriate officer . . . showing the amount of money . . . that [he] has in any account in the institution." Habeas R. 3.

Due to Petitioner's failure to follow the Court's Orders and prosecute this action, the case is hereby **DISMISSED WITHOUT PREJUDICE**.[3] Fed. R. Civ. P. 41(b); *Brown*

---

[2] The Court notes that $220.00 was deposited into Petitioner's trust fund account during the last two months. *See* https://services.gdc.ga.gov/paymentinfo/jsp/paymentinfo.jsp (last visited Oct. 25, 2024).

[3] Petitioner's action is dismissed without prejudice to his right to file a federal habeas petition in the future. Petitioner should be aware, however, that before he can obtain habeas relief in this Court, he must exhaust all state court remedies that are available for challenging his conviction and sentence, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1)(A) (stating that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the

4

*v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (citing Fed. R. Civ. P. 41(b); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 28th day of October 2024.

/s/ W. Louis Sands
W. LOUIS SANDS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

applicant has exhausted the remedies available in the courts of the State"); 28 U.S.C. § 2254(c) (stating that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented"); *Pope v. Rich*, 358 F3d 852, 853 (11th Cir. 2004) (citations omitted) (holding that "a state prisoner [must] present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure").